WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herberth Ivan Lopez Lopez,<br><br>  Petitioner,<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>  Respondents. | No. CV-26-00811-PHX-MTL (ASB)<br><br>**ORDER** |

This matter involves a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

## I.

Petitioner is a Guatemalan citizen illegally present in the United States. Petitioner was served with a Notice to Appear charging him as "an alien present in the United States who has not been admitted or paroled." (Doc. 1-1 at 3.) He seeks release from the custody of the Department of Homeland Security, United States Immigration and Customs Enforcement, because he is being held without a bond hearing. Petitioner alleges that he is entitled to a bond hearing under 8 U.S.C. § 1226. He argues that the mandatory detention provisions of 8 U.S.C. § 1225 do not apply to him because, although he has lived in the United States illegally for nineteen years, "[h]e is not currently 'seeking admission' within the plain meaning of that term." (Doc. 1 ¶ 26.)

Respondents oppose the Petition, arguing that Petitioner is an "alien present in the United States who has not been admitted," and therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. 7 at 2.)

**II.**

When it enacted the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), Congress sought to close an illogical loophole that permitted illegal aliens "who have entered the United States without inspection gain[ing] equities and privileges in immigration proceedings that are not available to aliens who present themselves for inspection." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498-99 (5th Cir. 2026) (quoting H.R. Rep. No. 104-469, pt. 1, at 225 (1996)). Thus, under § 1225(a)(1), in certain immigration removal proceedings, Congress chose to "deem" any "alien present in the United States who has not been admitted or who arrives in the United States" as an "applicant for admission." 8 U.S.C. § 1225(a)(1).*

Petitioner argues that since he has resided illegally in the United States for "nearly nineteen years" and is not "seeking admission" that he cannot possibly fall within the structure of § 1225. (Doc. 1 ¶ 26.) But he is mistaken. By making a legislative policy choice, Congress decided that he, undisputably an "alien present in the United States who has not been admitted," must be considered an "applicant for admission" for the purposes of §§ 1225 and 1226. Petitioner's contrary position evokes the inequities of the pre-IIRIRA era, where an illegal alien who evaded detection at the international border and then within the United States, and who did actually present himself for admission, gets more procedural rights than someone who seeks admission by lawful means.

This Court is aware that other judges in this District and elsewhere have determined that petitioners under similar circumstances are entitled to bond hearings under § 1226. But this particular Court disagrees with that conclusion. As this Court expressed in *Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618 (D. Ariz. Feb. 9, 2026), the better approach is to follow the plain meaning of § 1225 along with Congress's stated objectives in enacting the IIRIRA. The Court found the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*

---

* Title 8 U.S.C. § 1225(a)(1) states in full: "An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) ***shall be deemed for purposes of this chapter an applicant for admission***." (Emphasis added.)

instructive and followed it. *Id*. at *2. As Respondents indicate in their Response Brief, in addition to the Fifth Circuit, many district courts throughout the United States have found that habeas petitioners similarly situated to Mr. López López are not entitled to bond hearings under § 1226. (*See* cases cited at Doc. 7 at 4.)

For these reasons, and those previously expressed by this Court in *Chavez*, the Petition for Habeas Corpus will be denied as to Petitioner's request for a bond hearing under 8 U.S.C. § 1226.

### III.

Petitioner's other arguments lack merit.

As far as Petitioner argues that his detention violates his liberty interests, an illegal alien is only entitled to the process provided by Congress. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute").

The Court rejects Petitioner's argument that relief should be granted here because he is a member of the *Bautista* class. *See Calderon Lopez v. Lyons*, —— F. Supp. 3d ——, ——, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025). If Petitioner believes he is entitled to further relief under the judgment in *Bautista*, he must seek relief in the Central District of California.

**IT IS THEREFORE ORDERED:**

1. The Petition for Habeas Corpus (Doc. 1) is **denied**.
2. The reference to the magistrate judge is **withdrawn**.
3. The Clerk of Court must enter a judgment of dismissal and close this case.

Dated this 3rd day of March, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge